# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| CRYPTOPEAK SOLUTIONS, LLC | § | |
|---|---|---|
| *Plaintiff*, | § | |
| v. | § | |
| LOWE'S HOME CENTERS, LLC | § | 2:15-cv-1737-RWS-RSP |
| MACYS.COM, INC. | § | 2:15-cv-1738-RWS-RSP |
| OFFICE DEPOT, INC. | § | 2:15-cv-1741-RWS-RSP |
| SEARS HOLDINGS MANAGEMENT CORPORATION, et al. | § | 2:15-cv-1742-RWS-RSP |
| STAPLES, INC. | § | 2:15-cv-1745-RWS-RSP |
| THE HOME DEPOT, INC. and HOMER TLC, INC. | § | 2:15-cv-1747-RWS-RSP |
| WILLIAMS-SONOMA, INC. | § | 2:15-cv-1750-RWS-RSP |
| ALLY FINANCIAL, INC. and ALLY BANK | § | 2:15-cv-1787-RWS-RSP |
| EXPEDIA, INC., et al. | § | 2:15-cv-1791-RWS-RSP |
| PINTEREST, INC. | § | 2:15-cv-1799-RWS-RSP |
| STARWOOD HOTELS & RESORTS WORLDWIDE, INC. | § | 2:15-cv-1801-RWS-RSP |
| YAHOO! INC., and TUMBLR, INC. | § | 2:15-cv-1804-RWS-RSP |

**ORDER ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Before the Court are Defendants' Objections[1] to United States Magistrate Judge Roy S. Payne's Report and Recommendation ("R&R") Denying Defendants' Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) in cases in which Plaintiff CryptoPeak Solutions, LLC, alleges infringement of U.S. Patent No. 6,202,150 ("the '150 Patent"). Defendants moved for dismissal on one or more of the following grounds: (1) the claims of the '150 Patent are invalid under 35 U.S.C. § 112 because the claims impermissibly recite both a method and apparatus; (2) the claims are patent-ineligible under § 101; and (3) the claims are indefinite under § 112, ¶ 2, because the claims recite subjective terms that fail to provide reasonable certainty about the

---

[1] Aside from Defendants Ally Financial, Inc.'s and Ally Bank's (collectively "Ally") Objections filed in Case No. 2:15-cv-1787 (Dkt. No. 28), Defendants' Objections are substantially similar.

scope of the invention to a person of ordinary skill in the art. R&R at 1.[2] The Magistrate Judge determined that the claims are directed to a method and do not impermissibly claim both a method and apparatus. R&R at 10. The Magistrate Judge stated that the Court could not determine the subject-matter eligibility or indefiniteness of the asserted claims without claim construction or the opportunity to resolve attendant questions of fact. R&R at 11–14.

## I. Defendant Ally's Objections

Defendant Ally objects to the Magistrate Judge's conclusion that claim construction and attendant subsidiary fact finding are necessary to determine whether the claims are drawn to ineligible subject matter under § 101. Case No. 2:15-cv-1787, Docket No. 28 at 2–3. Ally argues that "no reasonable construction could salvage patentability," *id.* at 3, and that, in any event, CryptoPeak failed to propose any claim constructions. *Id.* at 4. Ally states that the claims are not drawn to improving an existing technological process or the functioning of a computer. *Id.* at 3 (citing *Enfish, LLC v. Microsoft Corp.*, 822 F.3d 1327, 1335 (Fed. Cir. 2016)). CryptoPeak argues that "[t]he invention of the '150 Patent provides significant advantages over the prior art" and provides a "solution [that] is necessarily rooted in computer technology in order to overcome a problem specifically arising in the realm of computer networks." Case No. 2:15-cv-1787, Docket No. 19 at 27 (citing *DDR Holdings, LLC v. Hotels.com, L.P.*, 773 F.3d 1245, 1257 (Fed. Cir. 2014)).

The Court agrees with the Magistrate Judge that the subject-matter eligibility of the Asserted Claims is not determinable at the pleading stage of this case. *See* R&R at 13. In this case, claim construction is likely to assist in both steps of the subject-matter eligibility analysis under *Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 134 S. Ct. 2347 (2014). Moreover, further factual

---

[2] Because the above-numbered and captioned cases are not consolidated, the R&R may have a different Docket No. in each case. Consequently, the R&R is cited herein as "R&R." In Case No. 2:15-cv-1737, the R&R is Docket No. 18.

development will assist the Court in making the factual determinations that underlie the § 101 inquiry such as whether the claimed algorithms and calculations "can be performed mentally, or readily with pencil and paper." *See* R&R at 12 (quoting *TPQ Dev't, LLC v. Intuit Inc.*, Case No. 2:12-cv-180, Dkt. No. 150 at 9–10 (E.D. Tex. Feb. 19, 2014) (Bryson, J.)). The Court finds no error in the Magistrate Judge's determination.

## II. The Remaining Defendants' Objections

The remaining Defendants contend that the Magistrate Judge erred in failing to find the asserted claims indefinite under § 112, ¶ 2, because the claims' preambles recite both a "method" and "apparatus."[3] Defendants argue that the Magistrate Judge erred by: (1) misinterpreting *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377 (Fed. Cir. 2005), and its progeny by failing to properly analyze whether the claims are indefinite due to ambiguity as to when infringement occurs; (2) improperly construing the claims to encompass exclusively method steps, despite recitation of system functionality; (3) improperly relying on *Microprocessor Enhancement Corp. v. Texas Instruments, Inc.*, 529 F.3d 1367 (Fed. Cir. 2008); and (4) improperly ignoring the term "apparatus" in the claims' preamble to avoid invalidating the claims. Case No. 2:15-cv-1737, Docket No. 23 at 1–2.

Contrary to Defendants' first argument, the R&R expressly recognizes that the relevant inquiry under *IPXL* is "whether the claim leaves the reader 'unclear whether infringement [] occurs when one creates a system that allows the user to [practice the claimed method step], or whether infringement occurs when the user actually [practices the method step]." R&R at 10 (quoting *IPXL*, 430 F.3d at 1384). The R&R analyzes the claim language, finds that the claims

---

[3] Defendants in two cases initially moved for dismissal on additional indefiniteness grounds that claim terms "provides confidence" and "generated properly" were indefinite terms of degree. *See* R&R at 2, 13. The R&R recommended revisiting the question after claim construction, *id.* at 14, and no objections were filed in this regard.

are drawn to methods and concludes that the claims are not invalid for mixed subject matter claiming. *Id.*

The Court agrees with the Magistrate Judge that the claims are drawn to methods. The claim preambles refer to steps, and the bodies of the claims recite steps rather than capabilities. *See id.* Although a patent applicant is free to recite features of an apparatus functionally, the claims at issue do not recite such features. Rather, to the extent structure is recited in the claims, that recitation only serves to describe the claimed method steps. *See Microprocessor*, 520 F.3d at 1374 (finding a method claim not indefinite despite recitation of "structural limitations").[4]

Defendants' reliance on *SFA Systems, LLC v. 1-800-Flowers.com, Inc.*, 940 F. Supp. 2d 433, is misplaced. In that case, the body of the claims as a whole made clear that the claims were drawn to an apparatus. *Id.* at 455. In that light, the Court inferred that the verbs "detect," "infer" and "initiate" recited capabilities of the claimed system. *Id.* By contrast, the asserted claims here do not claim a system; the claims merely recite that the system performs certain of the method steps while the user performs others. Accordingly, the Court finds no error in the Magistrate Judge's reliance on *Microprocessor*, nor with the ultimate conclusion that the claims at issue are drawn to methods.

Finally, the R&R does not read out the term "apparatus" from the claims' preamble. To the contrary, the Court will resolve at claim construction any dispute regarding whether this preamble term is limiting, and if so, the extent of that limitation.

The Court has conducted a *de novo* review of the R&R and concurs with its findings and recommendations. Accordingly, Defendants' Objections are **OVERRULED**, and the Magistrate

---

[4] Although *Microprocessor* relied on the Federal Circuit's now-obsolete "insolubly ambiguous" standard to determine indefiniteness under § 112, ¶ 2, the Court at this stage cannot say that the asserted claims fail to inform with "reasonable certainty" a personal of ordinary skill in the art about the scope of the invention. *See Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120, 2124 (2014). Nor could the Court have done so to the claims at issue in *Microprocessor*.

Judge's Report and Recommendation Denying Defendants' Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is **ADOPTED**. Defendants' Motions to Dismiss are **DENIED WITHOUT PREJUDICE** to re-urging as appropriate during or after claim construction.

**So ORDERED and SIGNED this 28th day of September, 2016.**

                                      ROBERT W. SCHROEDER III
                                      UNITED STATES DISTRICT JUDGE